**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**LAREDO PACKING COMPANY, Respondent.**

No. 79-2487.

United States Court of Appeals, Fifth Circuit.

Sept. 8, 1980.

Elliott Moore, Deputy Associate Gen. Counsel, Marion Griffin, N. L. R. B., Washington, D. C., for petitioner.

Mann, Freed, Hansen & Trevino, Laredo, Tex., Ben F. Foster, San Antonio, Tex., for respondent.

Before GOLDBERG, TATE and SAM D. JOHNSON, Circuit Judges.

PER CURIAM.

The record in this labor case reveals a rather sordid story of respondent Laredo

Packing Company's attempts to obstruct its employees' efforts to organize and its actions to destroy its employees' support for their newly-certified union in the subsequent and bitter contractual negotiations. Respondent opposes the Board's petition for enforcement of its order by contending that the Board's findings of unfair labor practices—illegal acts which include fifteen discriminatory discharges, one discriminatory reduction of working hours, unilateral wage increases during contractual negotiations which had yet to reach an impasse, numerous instances of interrogation and threats regarding union activity, threats of plant closure should the union be elected, prohibitions against the wearing of union insignia, and numerous occasions of surveillance— are unsupported by substantial evidence on the record as a whole.

We have canvassed all portions of this massive record which are relevant to the unfair labor practices before us, and we conclude that none of the Board's credibility determinations attacked by respondent is either inherently unreasonable or self-contradictory. *See, e. g., NLRB v. Randle-Eastern Ambulance Service, Inc.,* 584 F.2d 720, 730 (5th Cir. 1978). In short, our review of the record has led to our unwavering conviction that the Board's findings of unfair labor practices are supported by substantial evidence on the record as a whole. With particular regard to the eight truck drivers discharged due to their purported uninsurability, we rely on the Board's thorough and well-reasoned opinion reported at 241 N.L.R.B. No. 24 (1979).

Accordingly, the petition for enforcement is GRANTED.